IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANNE HOLLAND, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:10-CV-0908- |
| ERIC K. SHINSEKI, SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | § § § § § § | |
| Defendant | § § | |

## DEFENDANT'S ANSWER

Federal Defendant, Eric K. Shinseki, Secretary, U.S. Department of Veterans Affairs (hereinafter "Defendant"), by and through the United States Attorney for the Northern District of Texas, respectfully pleads and answers the Plaintiff's Original Complaint (hereinafter "Complaint") in the above-styled and numbered cause, responding according to the headings and numbered paragraphs thereof as follows:

### I.
### SUMMARY

**Paragraph 1** of the summary of the Complaint. Defendant denies that Plaintiff is disabled as defined by the pre-2009 ADAAA statute. Defendant lacks sufficient information to admit or deny the remainder of the allegations in this paragraph, therefore the allegations in this paragraph are denied.

**Paragraph 2** of the summary of the Complaint. Defendant admits that Plaintiff was entitled to FMLA. Defendant denies the remaining allegations in this paragraph.

**Paragraph 3** of the summary of the Complaint. Defendant denies the allegations in this paragraph.

**Paragraph 4** of the summary of the Complaint. Defendant denies the allegations in this paragraph.

## II.
## PARTIES

1. Defendant lacks sufficient information to admit or deny the allegations in **Paragraph 1** concerning parties, therefore the allegations in this paragraph are denied. .

2. Defendant admits the allegations in **Paragraph 2** that Eric K. Shinseki is the Secretary of Veterans Affairs and admits that he is sued in his official capacity.

## II.
## JURISDICTION & VENUE

3. Defendant admits that the case arises under the Rehabilitation Act and that Plaintiff was employed at the Dallas VA hospital during the time period the subject of this complaint. Defendant denies the remaining allegations in **Paragraph 3.**

4. Defendant admits the allegations in **Paragraph 4** that venue is proper since the acts complained of in this action occurred in Dallas County, Texas.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Defendant admits the allegations in **Paragraph 5.**

## II.
## FACTS

6. Defendant admits the allegations in **Paragraph 6.**

7. Defendant lacks sufficient information to admit or deny the allegations in **Paragraph 7**, therefore the allegations in this paragraph are denied.

8. Defendant denies the allegations in **Paragraph 8.**

9. Defendant admits that Plaintiff made a FMLA request in June 2008. Defendant denies the remaining allegations in **Paragraph 9.**

10. Defendant denies the allegations in **Paragraph 10.**

11. Defendant lacks sufficient information to admit or deny the allegations in **Paragraph 11**, therefore the allegations in this paragraph are denied.

12. Defendant lacks sufficient information to admit or deny the allegations in **Paragraph 12**, therefore the allegations in this paragraph are denied.

13. Defendant admits that Plaintiff requested leave in June 2008. Defendant denies that Plaintiff's leave request in June 2008 was not approved. Defendant lacks sufficient information to admit or deny the allegations in **Paragraph 13**, therefore the remaining allegations in this paragraph are denied.

14. Defendant denies the allegations in **Paragraph 14.**

15. Defendant admits that Plaintiff requested confirmation that her FMLA leave was approved. Defendant denies the remaining allegations in **Paragraph 15.**

16. Defendant admits that Plaintiff requested an accommodations. Defendant

denies the remaining allegations in **Paragraph 16.**

17. Defendant admits that Plaintiff requested accommodation as "no direct patient care" and one day off every two weeks for therapy. Defendant denies the remaining allegations in **Paragraph 17.**

18. Defendant denies the allegations in **Paragraph 18.**

19. Defendant admits the allegations in **Paragraph 19.**

20. Defendant admits that Plaintiff was denied promotion to Nurse III. Defendant denies the remaining allegations in **Paragraph 20.**

21. Defendant admits that Plaintiff was not selected for Head Nurse position in Fresno, California. Defendant denies the remaining allegations in **Paragraph 21.**

22. Defendant denies the allegations in **Paragraph 22.**

23. Defendant admits the allegations in **Paragraph 23.**

24. Defendant admits the allegations in **Paragraph 24.**

25. Defendant admits the allegations in **Paragraph 25.**

26. Defendant admits the allegations in **Paragraph 26.**

27. Defendant admits the allegations in **Paragraph 27.**

## VI.
## FIRST CAUSE OF ACTION: FAILURE TO ACCOMMODATE

28. Defendant lacks sufficient information to admit or deny the allegations in **Paragraph 28**, therefore the allegations in this paragraph are denied.

29. Defendant admits that Plaintiff requested an accommodations. Defendant

denies the remaining allegations in **Paragraph 29.**

30. Defendant denies the allegations in **Paragraph 30.**

31. Defendant denies the allegations in **Paragraph 31.**

32. Defendant denies the allegations in **Paragraph 32.**

## VII.

### SECOND CAUSE OF ACTION: DISABILITY RETALIATION

33. Defendant lacks sufficient information to admit or deny the allegations in **Paragraph 33**, therefore the allegations in this paragraph are denied.

34. Defendant admits that Plaintiff was not promoted.

35. Defendant denies the allegations in **Paragraph 35.**

## VIII

### THIRD CAUSE OF ACTION: FMLA INTERFERENCE

36. Defendant denies the allegations in **Paragraph 36.**

37. Defendant denies the allegations in **Paragraph 37.**

38. Defendant denies the allegations in **Paragraph 38.**

39. Defendant denies the allegations in **Paragraph 39.**

40. Defendant denies the allegations in **Paragraph 40.**

41. Defendant denies the allegations in **Paragraph 41.**

## IX.

### FOURTH CAUSE OF ACTION: FMLA RETALIATION

42. Defendant admits the allegations in **Paragraph 42.**

43. Defendant denies the allegations in **Paragraph 43.**

44. Defendant denies the allegations in **Paragraph 44.**

45. Defendant admits that Plaintiff was not promoted. Defendant denies the remaining allegations in **Paragraph 45.**

46. Defendant denies the allegations in **Paragraph 46.**

## X.
## FIFTH CAUSE OF ACTION: RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

47. Defendant admits that Plaintiff filed an EEO complaint in April 2008. Defendant denies the remaining allegations in **Paragraph 47.**

48. Defendant admits that Plaintiff was not promoted. Defendant denies the remaining allegations in **Paragraph 48.**

49. Defendant denies the allegations in **Paragraph 49.**

## XI.
## JURY DEMAND

50. This paragraph requests a trial by jury, to which no answer is required.

## XII.
## DAMAGES

This paragraph concerns Plaintiff's requests for damages. Defendant denies any and all allegations of discrimination or retaliation as set forth or suggested in Plaintiff's Complaint. Consequently, Defendant denies that Plaintiff is entitled to any relief whatsoever on any cause of action or claim in this suit, including any relief requested in

Plaintiff's paragraphs concerning damages.

The remainder of Plaintiff's Complaint constitutes Plaintiff's prayer for relief, which asserts matters and conclusions of law to which no answer is required; but to the extent an answer is required, Defendant denies all allegations contained in the prayer for relief. Defendant also denies that Plaintiff is entitled to any judgment whatsoever on any cause of action.

## XIII.
## GENERAL DENIAL

Any allegation or averment asserted by Plaintiff in her Complaint, not hereinbefore specifically and expressly admitted or denied, is hereby denied.

## XIV.
## AFFIRMATIVE DEFENSES

The foregoing Original Answer of the Defendant to Plaintiff's Original Complaint is made subject to, and without waiver of the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of discrimination under the Rehabilitation Act.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of discrimination entitling her to any relief under the Rehabilitation Act.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to establish that she is an individual with a disability to qualify for

relief under the Rehabilitation Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to establish that she is "otherwise qualified" for the position to qualify for relief under the Rehabilitation Act.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to establish an adverse employment decision.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to establish that she has been treated differently or less favorably from members not of the protected class.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of discrimination based on disability.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that she was discriminated against solely by reason of any alleged disability to qualify for relief under the Rehabilitation Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to establish a request for an accommodation that was reasonable.

## TENTH AFFIRMATIVE DEFENSE

The accommodation requested by Plaintiff would result in an undue hardship.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's actions and conduct were based upon a legitimate business non-discriminatory reason for each challenged action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that Defendant's legitimate, business non-discriminatory reasons are a pretext for discrimination.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot show that there is a causal connection as to her alleged protected activity and any of the Defendant's actions and Plaintiff cannot show that any action by Defendant was motivated by discrimination or retaliation.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to exhaust her administrative remedies with respect to all or part of her claims, her claim should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive or exemplary damages under 42 U.S.C. § 1981a(b)(1).

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively asserts that Plaintiff's alleged injuries and/or damages as stated in the complaint were not caused by any acts of intentional discrimination or retaliation committed by any employees of the VA.

NINETEENTH AFFIRMATIVE DEFENSE

Jurisdiction in this Court for claims of disability discrimination, including retaliation, arising from federal employment is provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Jurisdiction in this Court for claims of discrimination, including retaliation, arising from federal employment is provided by the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et seq.* All other alleged jurisdictional averments are subject to dismissal.

TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts causes of action for which this Court lacks jurisdiction, her claim(s) should be dismissed.

WHEREFORE, Federal Defendant Eric, Secretary, Department of Veterans Affairs, respectfully prays that the Court enter judgment as follows:

1. Judgment be entered in favor of Defendant and against Plaintiff, dismissing Plaintiff's Complaint with prejudice;

2. Defendant be awarded his fees and costs of suit; and

3. For such other relief as the Court may deem just and proper.

                Respectfully submitted,

                JAMES T. JACKS
                United States Attorney

                /s/ T.J. JOHNSON
                T. J. JOHNSON
                Assistant United States Attorney
                Texas Bar No. 10794175
                1100 Commerce Street, Third Floor
                Dallas, Texas  75242
                Tel: 214.659.8600
                Fax: 214.676.2916
                Email: tj.johnson@usdoj.gov

OF COUNSEL:

Ken Carroll
Assistant Regional Counsel
US Department of VA
Office of Regional Counsel
4500 South Lancaster Road
Dallas, Texas  75216

## CERTIFICATE OF SERVICE

      I hereby certify that on July 19, 2010, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I also certify that a copy of this document was served upon all attorneys of record by electronic delivery on this 19th day of July 2010.

      ROBERT J. WILEY
      ROB WILEY, P.C.
      1825 Market Center Blvd., Ste. 385
      Dallas, Texas  75207
      Phone: (214) 528-6500
      Facsimile: (214) 528-6511
      rwiley@robwiley.com

                /s/T.J. JOHNSON
                T. J. JOHNSON
                Assistant United States Attorney