IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANNE HOLLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | |
| | § | Civil No. 3:10-cv-0908 |
| ERIC K. SHINSEKI, Secretary | § | ECF |
| of Veterans Affairs | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Now comes JoAnne Holland and files this Plaintiff's First Amended Complaint against Eric K. Shinseki, Secretary of Veterans Affairs ("VA"). In support, Holland respectfully shows the following:

I.
SUMMARY

JoAnne Holland is disabled. Following several grueling incidents at the Dallas Veterans Affairs Medical Center, Holland requested leave. In order to return to work, Holland then requested reasonable accommodations. Defendant failed not only to properly process Holland's leave request, but it also failed to reasonably accommodate her disability.

Holland's medical leave was qualifying FMLA leave. Defendant never initially accommodated the request, and consistently harassed her when she requested leave. Holland never received any confirmation about her leave request until after her leave expired. This caused Holland to fear for her job and worsened her condition. This interfered with Holland's

FMLA leave rights. After Holland's leave request, she was supplied poor job references, that precluded her from finding other jobs in the VA system. After Holland's leave request the VA refused to accommodate her disability.  These, as well as other acts, were retaliation for taking FMLA leave.

Holland filed charges of discrimination for the ongoing harassment she was experiencing. Shortly after, her supervisors failed to provide a reference on her behalf for other positions within the VA and when they did, it was not positive and retaliatory.  Further, Ms. Holland was given a weak performance evaluation and prevented from receiving a pay grade increase.

Refusing to give Holland her FMLA leave, not allowing her to perform administrative functions, and not allowing her to attend therapy sessions were a failure to accommodate Holland's disability.

Holland alleges Defendant refused to accommodate her disability, discriminated against her because of her disability, and retaliated against her because of her request for accommodation and opposition to unlawful disability discrimination in violation of the Americans with Disabilities Act and the Rehabilitation Act.  Holland alleges Defendant interfered with her FMLA leave rights and retaliated against her for taking FMLA leave.

## II.
## PARTIES

1. Plaintiff Holland ("Holland") is an individual who is a citizen of the State of Texas.

2. Defendant, Eric K. Shinseki, is the Secretary of Veterans Affairs.  He is sued in his official capacity.

## III.
## JURISDICTION & VENUE

3.      Jurisdiction is proper in this Court because this action arises under the Americans with Disabilities Act and the Rehabilitation Act. Plaintiff was employed by Defendant at the Dallas Veterans Affairs Medical Center located at 4500 S. Lancaster Rd, Dallas, TX 75216. Defendant has had continuous contact with the State of Texas. An assertion of jurisdiction would not offend traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because the acts giving rise to this action occurred in Dallas County, Texas.

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission in April 2008. Plaintiff files this complaint within 90 days after receiving a notice of the right to file a civil action.

6.      Furthermore, this Amended Complaint incorporates Agency Cases No. 2003-0549-2009100862 and No. 2001-0675-2009100601. Plaintiff files this Amended Complaint within 90 days after receiving notices of the right to file a civil action on both cases.

## V.
## FACTS

7.      Holland began working as a Nurse for the Dallas VA on or about November 2003.

8.      Holland is an individual who suffers from a disability. She has been diagnosed with a mental health condition, severe menstrual bleeding, and insomnia. Holland regularly takes cymbalta, and clonazepam, among other medications to treat her disease. Holland can regularly perform the essential functions of a Nurse.

9. Between March 2008 and May 2008, Holland was subjected to a hostile work environment (false accusations and improper reprimands) at the Dallas VA causing a serious medical condition. This medical condition was both a physical and mental impairment that substantially limited her major life activities and major bodily functions. As a result of her disability, Holland was required to take leave and undergo therapy.

10. In April of 2008, Ms. Holland filed charges of discrimination for the discrimination she was experiencing.

11. On or about, May 2008, Holland requested a one-month leave to recover from her health conditions.

12. This request for leave was forwarded to employees who did not have a need to know.

13. On or about May and June 2008, McClellan (nurse manager) discussed the difficulties in granting leave in an open staff meeting, suggesting Holland could be terminated for requesting leave.

14. After this meeting, Holland felt compelled to work despite her health condition.

15. Holland's health condition worsened, and she *again* requested leave on or about June 2008. Holland was never provided confirmation of this leave approval until *after* it was exhausted.

16. On or about June 2008, Holland was forced to discuss her sensitive medical information in open area, despite Holland indicating that she was uncomfortable with this.

17. In June and July 2008, Holland requested confirmation that her FMLA leave was approved. Management provided no confirmation on her FMLA status, thus exacerbating her condition.

18. On or about September 2008, Holland requested a reasonable accommodation in order to return to work.

19. The reasonable accommodation was "no direct patient care" and one day off every two weeks for therapy. Holland was still able to perform administrative work.

20. Despite Holland's request for a reasonable accommodation, the Dallas VA failed to engage in the reasonable accommodation process with her and unilaterally decided that she was not a person with a qualified disability. No attempt was made to accommodate Holland.

21. On or about, September 2008, management sent a letter to Holland stating "we will discontinue communicating via email regarding your issues."

22. After requesting leave, Holland was denied several promotions including that of Nurse III and Infection Control Nurse.

23. After requesting leave and reasonable accommodations, Holland was not selected or interviewed for the Head Nurse position in Fresno, CA and was supplied false job references that precluded her from employment opportunities at other VA hospitals.

24. In fact, Ms. Holland has repeatedly been denied reassignment, transfer, or another positions within the VA.

25. On or about January 2009, Ms. Holland notified the Director that Ms. Griffin was interfering with her ability to be selected for employment at other facilities.

26. Nothing was done about the complaint.

27. Ms. Holland applied for a position of Registered Nurse Ambulatory Surgery Announcement No. ORL-08-343-LW.

28. Ms. Holland was informed she was the highest ranked candidate and was offered the position by Wanda Laakso, Nurse Recruiter.

29.     Ms. Griffin intentionally blocked her from obtaining the position.

30.     Ms. Griffin refused to return calls or respond to emails from the hiring coordinator, Ms. Jodi Molley-Strudwick, ACNS, to provide a first line supervisor reference.

31.     Rather than provide Ms. Holland with a strong endorsement, Ms. Griffin gave her a reference that prevented Ms. Holland's selection.

32.     Ms McClellan also refused to speak with Ms. Laakso whatsoever in reference to Ms. Holland's employment.

33.     The selected applicants all received strong endorsements from their unit managers.

34.     Therefore, Ms. Griffin prevented Ms. Holland from receiving the position in retaliation for filing EEOC charges of discrimination and complaining about the ongoing discrimination.

35.     Ms. Holland further requested a reasonable accommodation for one day off a week.  This request was initially ignored, and then denied.

36.     Furthermore, in February or March of 2009, Ms Holland was not provided her within-grade increase in retaliation by Ms. Griffin for her ongoing complaints.

37.     This resulted in a significant decrease in compensation.

38.     Then, Ms. Holland received a satisfactory performance rating that specifically mentioned her leave associated with her disability.  This was the first time Ms. Holland did not receive a high satisfactory or outstanding review.

39.     Defendant employed more than 15 employees and is covered employers under the Americans with Disabilities Act ("ADA").  Plaintiff is an employee within the meaning of the ADA and was employed by Defendant.

40. The VA as a federal employer is covered under the Rehabilitation Act. Plaintiff is an employee within the meaning of the Rehabilitation Act.

41. The VA is a covered employer under the FMLA. Plaintiff is an employee within the meaning of the act.

42. Holland was employed by the VA for at least 12 months.

43. Holland has been employed for at least 1,250 hours of service for the VA during the 12 months preceding her request for FMLA leave.

44. All conditions precedent to the bringing of this suit have been satisfied or fulfilled.

## VI.
## FIRST CAUSE OF ACTION:  FAILURE TO ACCOMMODATE

45. Plaintiff has a disability.

46. Plaintiff requested reasonable accommodations for her disability.

47. Defendant failed to engage in the reasonable accommodation process.

48. Defendant refused to accommodate Plaintiff's disability.

49. Because of Defendants' failure to accommodate Plaintiff's disability, Plaintiff's health suffered.

## VII.
## SECOND CAUSE OF ACTION:  DISABILITY RETALIATION

50. Plaintiff exercised her rights under the ADA and Rehabilitation Act by requesting reasonable accommodation.  Plaintiff opposed the disability discrimination.

51. Defendant failed to promote Plaintiff.

52. Defendant further prevented Plaintiff from transferring, reassignment, or obtaining another position within the VA.

53. In addition, Defendant delayed providing Plaintiff her pay increase.

54. Because Plaintiff engaged in protected activity and opposition to unlawful employment discrimination, she was retaliated against.

## VIII.
## THIRD CAUSE OF ACTION:  FMLA INTERFERENCE

55. Defendant forced Plaintiff to return to work despite her leave request.

56. Defendant refused to give Plaintiff time off.

57. Defendant forwarded Plaintiff's leave request to employees who had no need to know.

58. Defendant discussed Plaintiff's medical condition in an open area.

59. Defendant refused to confirm Plaintiff's FMLA request.

60. These actions by Defendant unlawfully interfered with her right to FMLA leave.

## IX.
## FOURTH CAUSE OF ACTION:  FMLA RETALIATION

61. Plaintiff exercised her rights under the FMLA by taking medical leave.

62. Defendant refused to interact with Plaintiff regarding her FMLA request.

63. Defendant refused to accommodate Plaintiff's disability.

64. Defendant refused to promote or interview Plaintiff for other VA positions.

65. These actions by Defendant were in retaliation because of Plaintiff's FMLA leave.

## X.
## FIFTH CAUSE OF ACTION: RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

66.     Plaintiff exercised her rights by filing an EEO complaint in April 2008.  Plaintiff opposed workplace discrimination.

67.     Defendant failed to promote Plaintiff and subjected her to a hostile work environment.

68.     Defendant further prevented Plaintiff from transferring, reassignment, or obtaining another position within the VA.

69.     In addition, Defendant delayed providing Plaintiff her pay increase.

70.     Because Ms. Holland engaged in a protected activity and opposed unlawful employment discrimination, she was retaliated against.

## XI.
## JURY DEMAND

71.     Plaintiff exercises her right to trial by jury.

## XII.
## DAMAGES

For these reasons, Plaintiff asks for judgment against Defendant for the following:

A.      Back pay, including wages and benefits, from the time of Plaintiff's leave request to time of trial.

B.      Front pay from the time of trial until the date of Plaintiff's expected retirement.

C.      Any and all other economic damages, including but not limited to lost economic opportunity, incidental and consequential damages, medical bills, and relocation expenses.

D.      Compensatory damages for humiliation, anguish, and suffering.

E.      Liquidated damages for violations of the FMLA.

F.      Punitive damages.

G.      Attorney fees and costs.

H.      Pre- and post judgment interest at the maximum rate allowed by law.

I.      Injunctive relief granting notice to employees of any judgment along with notice of their statutory rights to bring similar claims to the EEOC, including their right to be represented by counsel.

J.      Injunctive relief for monitoring and reporting of reasonable accommodation requests, as well as complaints of disability discrimination.

K.      Injunctive relief requiring training of employees regarding disability discrimination.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be summoned to appear and that, following a trial on the merits, Plaintiff receive all relief requested as well as such other and further relief to which she is justly entitled.

Respectfully submitted,

By: */s/ Gregory A. Placzek*
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization*
Gregory A. Placzek
Texas Bar No. 24070424

ROB WILEY, P.C.
1825 Market Center Blvd., Ste. 385,
Dallas, Texas 75207
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
rwiley@robwiley.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2010, I served a copy of Plaintiff's First Amended Complaint on counsel for Defendant via the Court's CM/ECF electronic case filing system.

*/s/ Gregory A. Placzek*
Gregory A. Placzek