IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANNE HOLLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-0908-B |
| | § | |
| ERIC K. SHINSEKI, | § | |
| SECRETARY | § | |
| UNITED STATES DEPARTMENT | § | |
| OF VETERANS AFFAIRS, | § | |
| | § | |
| Defendant | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Eric K. Shinseki, Secretary, U.S. Department of Veterans Affairs ("Defendant" "Shinseki" or "VA"), by and through the United States Attorney for the Northern District of Texas, files his Motion for Summary Judgement.

## I.

## SUMMARY

Plaintiff Joanne Holland (Holland) filed this action alleging unlawful treatment concerning her requests for leave under the Family Medical Leave Act (FMLA) and her request for reasonable accommodations under the Americans with Disabilities (ADA) and the Rehabilitation Act. Defendant is entitled to summary judgment on Holland's complaints, as a matter of law, since Holland is unable to establish key elements of her claims.

Further, each of the matters required under Local Rule 56.3 will be set forth in Defendant's Memorandum and Brief in support of the motion for summary judgment.

## II.

## STATEMENT OF UNDISPUTED FACTS

1.  The Plaintiff, Joanne Holland (Holland), began working as a Nurse assigned to the operating room (OR) for the Dallas VA Hospital on or about November 2004. Her grade level was Nurse II.

2.  In March of 2008, Kathy McCllelan was the OR Nurse Manager and Holland's first line-supervisor. Mariamma Kurian was Holland's second-line supervisor and Sandra Griffin (Griffin), the Associate Director for Patient Care Services, was Holland's third-level supervisor.

3.  Beginning in March 2008, Holland's doctor, Dr. P. Holm, described Hollands medical condition to include, among other things, depression, anxiety, panic attacks diminished attention and concentration, insomnia.

4.  In a May 2008 to Griffin, Holland requested one month of leave without pay due to stress and the associated medical problems that she was having. She also notified Griffin that she was seeking other nursing positions and requested that McClellan not serve as a reference for any of the jobs for which Holland applied.

5.  On June 6, 2008, Holland requested leave under the Family Medical Leave Act (FMLA) and the FMLA leave request was approved on June 13, 2008. Holland

requested an extension of leave under FMLA which was also approved.  Holland was on leave from her assignment as OR nurse from June 16, 2008 to September 2008.

    6.    On September 2, 2008, Holland submitted an updated FMLA certification that indicated that she was not able to perform direct patient care.

    7.    On September 5, 2008, Holland requested reasonable accommodation.  She requested reassignment and a modification of her work schedule.  In support of her request for accommodation, Holland submitted a FMLA form in which Dr. Holm noted that Holland is "not able to provide adequate direct patient care because of above symptoms that persist in the toxic work environment."  The doctor's return to work memo stated that "she can provide direct patient care if she is not exposed to the hostile work environment that triggered her symptoms of major depression, panic, anxiety and acute stress disorder.  She should also never again work under the supervision of her present supervisor."  The doctor recommended that Holland work 7:00a.m to 2:30p.m. with one day off every two weeks.  Because of her symptoms, Holland could not perform the essential functions of her assignment as a nurse in the operating room.

    8.    Holland did not authorize VA Dallas staff to contact her doctor to obtain information or documents.

    9.    On September 29, 2008, Holland attended a meeting of Dallas VA staff to discuss her request for reasonable accommodation.

    10.    On October 2, 2008, the Reasonable Accommodation Committee denied her

request, finding that she was not a qualified individual with a disability under the ADA and that Holland had not submitted sufficient medical information for her request to be approved.

11.     Although the Reasonable Accommodation Committee had denied Holland's request, Griffin sought to locate a position that would meet her doctor's specification of no direct patient care.  When Holland was cleared to return to work from her FMLA leave, her doctor said that she could not continue to work in the current "toxic work environment" and he still reported that her conditions included, insomnia, depression, anxiety, inability to concentrate and inattentiveness. So Griffin first assigned her temporarily to the Flu Clinic and later in December 2008, Griffin transferred Holland to the CCHT.  Because of safety issues and concerns, Holland could not be assigned to an operating room.

12.     Holland again submitted a request for reasonable accommodation in April 2009.  However, Holland transferred to VA Temple for the Reasonable Accommodation Committee acted on her request.

13.     Holland continued to seek other positions in the VA system.  Some of the positions she was not selected for; however,  Holland did  transfer to VA Temple in July 2009.

                                        Respectfully submitted,

        JAMES T. JACKS
        UNITED STATES ATTORNEY

        /s/ T .J. JOHNSON
        T. J. JOHNSON
        Assistant United States Attorney
        Texas Bar No. 10794175
        1100 Commerce Street, Third Floor
        Dallas, Texas  75242
        Tel: 214.659.8600
        Fax: 214.676.2916
        Email: tj.johnson@usdoj.gov

        ATTORNEYS FOR DEFENDANT

OF COUNSEL:
Ken Carroll
Assistant Regional Counsel
US Department of VA
Office of Regional Counsel
4500 South Lancaster Road
Dallas, Texas   75216

## CERTIFICATE OF SERVICE

     I hereby certify that on 6th day of June 6, 2011, I electronically submitted the attached motion with the clerk of court for the United States District Court for the Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by the Federal Rule of Civil Procedure 5(b)(2).

        *s/ T. J. Johnson*
        T. J. Johnson
        Assistant United States Attorney